# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BARBARA LILLY**                                                      **CIVIL ACTION**

**VERSUS**

**NO. 17-459-JJB-RLB**

**DOLLAR GENERAL CORPORATION**
**a/k/a DOLGENCORP, LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 18, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BARBARA LILLY**                                                                                 **CIVIL ACTION**

**VERSUS**

                                                                                         **NO. 17-459-JJB-RLB**

**DOLLAR GENERAL CORPORATION**
**a/k/a DOLGENCORP, LLC**

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is a Motion to Remand (R. Doc. 4) filed by Plaintiff, Barbara Lilly ("Lilly"). The motion is opposed by Defendant, DG Louisiana, LLC ("Dollar General"). (R. Doc. 5). For the following reasons, the undersigned recommends the Motion to Remand (R. Doc. 4) be **DENIED**.

## I.     Background

Plaintiff initially filed this action in state court on September 22, 2015 (R. Doc. 1-1), alleging injuries sustained when she slipped on dog food at Dollar General #10458, suing both DG Louisiana, LLC and Fayette Lands, the manager. When Fayette Lands was dismissed for insufficient service of process on June 15, 2017, Dollar General filed its Notice of Removal (R. Doc. 1) on July 17, 2017, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Plaintiff filed her Motion to Remand (R. Doc. 4) on August 16, 2017. Defendant filed its Opposition (R. Doc. 5) on August 23, 2017.

---

[1] The timeliness of Dollar General's removal is not before the Court, as it was not specifically addressed or briefed by the Plaintiff in her Motion to Remand. ("Plaintiff avers it is unnecessary to address the argument" that removal is timely due to plaintiff's bad faith) (R. Doc. 4-1 at 2). Timeliness of removal is a procedural defect that is waived if not raised within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c); *see Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 515 (5th Cir. 1992) (one-year limitation on removal contained in 28 U.S.C. § 1446 is not jurisdictional, and this procedural defect must be raised within 30 days of notice of removal); *see also In re Shell Oil Co.*, 932 F.2d 1518, 1522-23 (5th Cir. 1991) (noting that defects in removal procedure include all non-jurisdictional defects, and concluding that plaintiffs waived any non-jurisdictional grounds for remand existing at time of removal by not moving to remand within 30 days of notice of removal).

## II. Arguments of the Parties

Dollar General removed this action solely on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. In support of removal, Dollar General asserts that there is complete diversity between the parties, and that the $75,000 jurisdictional minimum has been met. (R. Doc. 1 at 2).

Plaintiff argues, in support of remand, that Dollar General has not met its burden of proving the amount in controversy. (R. Doc. 4-1 at 2). Plaintiff points out that her original state court petition does not specify or estimate an amount in controversy. She further argues that her initial settlement demand is not admissible to prove the amount of a disputed claim pursuant to Fed. R. Evid. 408 and, therefore, may not be used in support of removal. (R. Doc. 4-1 at 3). Lastly, Plaintiff suggests she is entitled to costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). (R. Doc. 4-1 at 4).

Dollar General responds that the jurisdictional amount is satisfied because the amount sought in a pre-removal settlement demand letter is permissible evidence. (R. Doc. 5 at 3-4). Dollar General further suggests that a review of Louisiana general damage awards for potentially similar injuries shows a range from $75,000 to $120,000, plus special damages. (R. Doc. 5 at 5). Dollar General also argues that Plaintiff's refusal to stipulate that her damages are less than $75,000 is indicative of the sufficiency of jurisdictional amount. (R. Doc. 5 at 5-6).

## III. Law and Analysis

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

2

different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.*  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938);

*Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

**B.  Analysis**

In its Notice of Removal (R. Doc. 1), Dollar General avers that Plaintiff is a citizen of Louisiana and it is a citizen of Tennessee. (R. Doc. 1 at 2). Plaintiff does not contest these allegations.  As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the $75,000 amount in controversy has been satisfied under 28 U.S.C. § 1332(a).  The Court will first consider whether it is facially apparent from the Petition that Plaintiff's claims are likely to exceed $75,000.  If not, the Court will consider whether Defendant has set forth any facts in controversy supporting a finding of the jurisdictional minimum.

Plaintiff's state court petition does not allege an amount of damages, but does generally request recovery for past and future medicals, past and future pain and suffering, loss of household services, past and future mental anguish, loss of enjoyment of life, and permanent partial disability. (R. Doc. 1-2 at 3-4). Plaintiff's failure to include any allegations regarding the amount in controversy to support federal jurisdiction, as required by Louisiana Civil Code of Procedure article 893(A)(1), is not dispositive.  *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007); La. C.C.P. art. 893(A)(1) ("[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.").

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for

4

the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009); *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)). Plaintiff also makes no demand for a jury trial. Accordingly, the amount in controversy is not facially apparent.

Because the amount in controversy is not facially apparent, the Court must determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified through submission of summary judgment type evidence. This Court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995).[2] While the Fifth Circuit has not conclusively addressed the

---

[2] All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See*, *e.g.*, *Kimble v. Am. First Ins. Co.*, 2014 WL 1761556 (M.D. La. Apr. 28, 2014) (denying remand where settlement demand sought exhaustion of policy limits of $100,000 and referenced allegedly similar cases, all of which had damage awards in amounts greater than $100,000, and subsequent settlement demand was for $95,000); *Broussard v. Celebration Station Properties, Inc.,* 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. &*

5

issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston,* 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 F. App'x 226, 2002 WL 1939917 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F.3d 908 (5th Cir. 2002); *Wilson v. Belin,* 20 F.3d 644, 651 n.8 (5th Cir. 1994)). Accordingly, the Court will consider whether Plaintiff's pre-removal settlement demand in this case evidences that the amount in controversy requirement was satisfied at the time of removal.

Defendant submits a pre-removal settlement demand letter in support of its burden to prove the amount in controversy for purposes of diversity jurisdiction. (R. Doc. 5-2). Plaintiff filed suit on September 22, 2015. (R. Doc. 1-1 at 1). On May 3, 2017, Plaintiff sent defendant an initial settlement demand for $138,618 plus costs. (R. Doc. 5-2 at 1-3). The Plaintiff's letter did not merely submit a monetary demand. Instead, the letter detailed her allegations with regard to the facts of the incident, then went on to provide substantial detail regarding her medical treatment since the alleged incident. (R. Doc. 5-2 at 1-2). The Plaintiff's letter also suggests that Plaintiff "continues to suffer from right knee pain on a daily basis" and "surgery may be the next course of treatment," indicating Plaintiff's position that her apparent injuries have not been completely resolved and continued treatment—and, therefore, damages—are at least possible, if not likely. Defendant further cites to cases finding general damage awards for knee injuries requiring surgery ranging from $75,000 to $120,000, plus special damages. (R. Doc. 5 at 5).

---

*Cas. Ins. Co.*, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927, at *2-3 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc.,* 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37).

Lastly, Defendant suggests that Plaintiff has refused to stipulate that her damages are less than $75,000. The Court finds these allegations sufficient to meet Defendant's burden for purposes of the amount in controversy.

In *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013), the court found a pre-petition settlement letter to provide relevant evidence regarding the amount in controversy, relying on the case of *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987 (M.D. La. May 13, 2008). The *Carver* court denied remand, noting that "[s]everal courts have even found that a settlement demand alone is sufficient to support removal jurisdiction where the plaintiff does not argue in opposition to removal that his settlement demand was inflated or was not an honest assessment of his damages." *Id.* at 2. Plaintiff here does not suggest that her demand was inflated or a dishonest assessment of her damages, and the Court notes that her pre-removal settlement demand letter contains substantial detail. She does, however, argue that "a case rarely settles for the initial demand sent by Plaintiff." (R. Doc. 4-1 at 4). The reverse side of that argument, however, was recognized by the Fifth Circuit in *Pollet v. Sears Roebuck & Co.*, 2002 WL 1939917, at *1 n.5 (5th Cir. 2002) (citing *Kliebert v. The Upjohn Co.*, 915 F.2d 142, 145 (5th Cir. 1991)), *vacated for reh'g en banc*, 923 F.2d 47 (5th Cir. 1991), *appeal dism'd per stipulation of settlement*, 947 F.2d 736 (5th Cir.1991), where the court noted that "plaintiff's settlement offer is ordinarily less than the damages the plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial." *Kliebert*, although not binding because it was vacated, is nevertheless instructive on this point and its rationale is adopted by the undersigned.

The Plaintiff does not cite any caselaw in support of her proposition that a pre-removal settlement offer cannot serve to establish the amount in controversy for purposes of diversity

jurisdiction. Instead, Plaintiff seems to rely on her suggestion that, because settlement negotiations are not admissible, they cannot be used to support the amount in controversy for purposes of diversity jurisdiction. Plaintiff's specific argument that the settlement demand letter cannot be considered in determining jurisdiction because it may be inadmissible pursuant to Rule 408 is without merit. *Kimble v. Am. First Ins. Co.*, 2014 WL 1761556, at *3 (M.D. La. Apr. 28, 2014) (citing cases). The demand letter is not being considered for the purpose of establishing the amount of Defendant's liability, but instead as Plaintiff's assessment of the value of her claim. That is to say, the case law has specifically held that pre-removal settlement demands are sufficient to establish the amount in controversy for purposes of diversity jurisdiction. The reasoning behind those decisions is convincing.

Further, Defendant apparently requested a stipulation as to the $75,000 threshold in 2015. (R. Doc. 5 at 5). Counsel for Plaintiff, on October 22, 2015, advised that his client was "still being treated and her prognosis is still uncertain" and requested additional time to determine whether the value of her claim could exceed $75,000. (R. Doc. 5-1 at 1). Defendant represents further that, at some point after the August 16, 2017 Motion to Remand, counsel for Defendant requested that Plaintiff stipulate as to damages not in excess of $75,000. (R. Doc. 5-3 at 1). Defendant suggests that Plaintiff has not yet responded to this request.

Once a removing party makes his showing by a preponderance of the evidence, "removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount." *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F. Supp. 969, 970 (M.D. La. 1995) (citing *De Aguilar,* 47 F.3d at 1412). In *Creppel*, the court noted that a "plaintiff may satisfy the burden of showing that it is a 'legal certainty' that he or she will not be able to recover the jurisdictional amount by: (1) showing state procedural rules binding the

plaintiffs to their pleadings, or (2) filing a binding stipulation or affidavit to that effect with their petition." The *Creppel* court went on to find that plaintiff could not make the first showing because Louisiana law prohibits plaintiffs from pleading a specific amount of damages, and did not make the second showing because the Plaintiff "failed to file any binding stipulation with his state court petition indicating that he would not seek more than $75,000." *Creppel*, 2013 WL 3490927 at *5. Here, Plaintiff similarly made no binding stipulation with her petition, or at any point thereafter, and notably has not responded to Defendant's request for such an admission.

Based upon the foregoing, Defendant has established that the amount in controversy likely exceeds $75,000. As Defendant has met its burden, and Plaintiff has failed to establish by a legal certainty anything to the contrary, removal is proper. Given the Court's conclusion, Plaintiff's requests for attorney's fees and costs is denied.

**IV. Conclusion**

Accordingly,

**IT IS THE RECOMMENDATION** of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 18, 2017.

	_____
	**RICHARD L. BOURGEOIS, JR.**
	**UNITED STATES MAGISTRATE JUDGE**

9